HENRY A. ALLEN, APPELLANT, v. CITY OF PATERSON, HARRY J. BREEN ET AL., RESPONDENTS.

Submitted December 10, 1923—Decided March 3, 1924.

This court need not, and ordinarily will not, consider a question not raised and argued in the court below, unless it goes to jurisdiction or involves public policy.

On appeal from the Supreme Court, whose opinion is reported in 98 *N. J. L.* 661.

For the appellant, *Randal B. Lewis.*

For the respondent City of Paterson, *Edward F. Merrey.*

For the respondent Harry J. Breen, *Rosencrans & Rosencrans.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court on *certiorari* rendered by Mr. Justice Minturn, sitting alone. It affirms a resolution of the board of zoning appeals of the city of Paterson, upon which was granted a permit by its building inspector, allowing Harry J. Breen to erect a certain garage.

This case is not properly here. The reasons for reversal filed in the Supreme Court are not brought up with the record, and the grounds of appeal filed in this court go to the reasoning or holdings in the opinion of the Supreme Court, and not one of them avers that its judgment is erroneous. For the reasons stated in our opinion in *Burhans* v. *City of Paterson,* No. 31 of the present November term, 1923, this appeal must be dismissed. Another thing: We have repeatedly held that this court need not, and ordinarily will not, consider a question not raised and argued in the court below, unless it goes to jurisdiction or involves public policy.

*Marten* v. *Brown,* 81 *N. J. L.* 599; *State* v. *Shupe,* 88 *Id.*
610; *Ruggles* v. *Ocean Accident, &c., Co.,* 89 *Id.* 180; *State*
v. *Heyer, Id.* 187; *Fortein* v. *Delaware, Lackawanna and
Western Railroad Co.,* 90 *Id.* 137, 139; *McMichael* v. *Horay,
Id.* 142; *Shaw* v. *Bender, Id.* 147; *Weiss* v. *Sullivan,* 94
*Id.* 191, 193; *State* v. *Belkota,* 95 *Id.* 416; *Carroll* v.
*Payne,* 96 *Id.* 129, 130, 131; *State* v. *Snell, Id.* 299; *Franklin* v. *Millville,* 98 *Id.* 262.

In the brief for Paterson it is submitted that there was
nothing in the reasons assigned in the Supreme Court to
suggest to counsel for the city that an attack was to be
made upon the existence of the board of zoning appeals or
of the validity of any part of the zoning ordinance. An
examination of the reasons in the Supreme Court (which are
printed at the end of the brief for respondent Breen), dis-
closes the fact that this is true, and it would preclude con-
sideration of the first, second and third grounds of appeal,
which go to the validity of the zoning ordinance, even if there
were a valid ground of appeal filed in this court.

The appeal in this case must be dismissed.